IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02893-RBJ

ANDREW DOORNBOS,

    Plaintiff,

v.

WINDTREE APARTMENTS, LLC d/b/a Weidner Investment Services, Inc.

    Defendant.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Windtree Apartments, LLC d/b/a Weidner Investment Services, Inc. ("Defendant"), by its counsel, GODFREY | JOHNSON, and hereby submits its Answer to Plaintiff's Complaint as follows:

## I. ANSWER

1. Defendant denies that Weidner Investment Services, Inc. is a d/b/a of Windtree Apartments, LLC. Defendant denies that its principal business address is 9757 Northeast Juanita Drive, Suite 300, Kirkland, Washington 98034. Defendant neither admits nor denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint, and demands strict proof thereof. To the extent a response is required, denied.

2. Defendant neither admits nor denies the allegations in Paragraph 2 of Plaintiff's Complaint, and demands strict proof thereof. To the extent a response is required, denied.

3. Defendant neither admits nor denies the allegations in Paragraph 3 of Plaintiff's Complaint, and demands strict proof thereof. To the extent a response is required, denied.

4. Defendant neither admits nor denies the allegations in Paragraph 4 of Plaintiff's Complaint, and demands strict proof thereof. To the extent a response is required, denied.

5. Paragraph 5 of Plaintiff's Complaint states several legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 5.

6. Paragraph 6 of Plaintiff's Complaint states several legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations in Paragraph 6.

## II.  AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. The Complaint fails to name one or potential parties to this action.

3. The action may be barred by one or more of the affirmative defenses of accord and satisfaction, assumption of risk, contributory or comparative negligence, laches, license, sudden emergency, payment, release, waiver, statute of limitations, estoppel, statutory bar and failure to mitigate damages and any other matter constituting an avoidance or affirmative defense.

4. The damages recoverable, if any, against Defendant are subject to reduction for payment from collateral sources pursuant to C.R.S. § 13-21-111.6.

5. The damages, if any, recoverable in this action may have resulted from the acts of one or more persons over whom Defendant had no control or right of control and Defendant is, therefore, entitled to a reduction of damages for comparative negligence of others pursuant to C.R.S. § 13-21-111.5.

6. The damages recoverable herein are subject to all relevant statutory limitations, including but not limited to those set forth in C.R.S. § 13-21-101, et seq., particularly C.R.S. § 13-21-102.5.

7. Plaintiff's claims are barred in whole or in part by all matters which constitute defenses under the Colorado Premises Liability Statute C.R.S. § 13-21-115, including, but not limited to, the potential facts that: (1) Defendant did not create the alleged danger which Plaintiff claims caused her injuries, damages or losses; (2) Defendant did not actually know, or have reason to know, of the alleged danger which Plaintiff claims caused her injuries, damages or losses; (3) the alleged danger was not one that was ordinarily present on the property; (4) Defendant exercised reasonable care in its ownership of the property or did not unreasonably fail to do so; and (5) Defendant did not unreasonably fail to warn of dangers which were present on the property.

8. Plaintiff may have failed to mitigate his injuries, damages and losses.

9. Plaintiff's damages may be barred in whole or in part by his own comparative fault as provided by C.R.S. § 13-21-111.

10. This action may be barred by the affirmative defense of an open and obvious danger.

11. The doctrine of intervening or superseding cause may bar Plaintiff's claims, in whole or in part.

12. Plaintiff's claims against Defendant may be barred or subject to limitation by the economic loss rule.

13.     Defendant reserves the right to assert any and all additional affirmative defenses as are learned through on-going discovery.

WHEREFORE, Defendant Windtree Apartments, LLC d/b/a Weidner Investment Services, Inc. hereby respectfully requests this Court enter judgment in Defendant's favor and against Plaintiff, and to award statutory pre-judgment and post-judgment interest, costs and attorney's fees, and to grant such other and further relief as the Court may deem just and proper in the circumstances.

### III. JURY DEMAND

DEFENDANT WINDTREE APARTMENTS LLC D/B/A WEIDNER INVESTMENT SERVICES, INC. DEMAND A TRIAL TO A JURY OF SIX PERSONS OF ALL ISSUES SO TRIABLE.

Respectfully submitted this 22nd day of January, 2018.

**Duly signed original on file with the offices of GODFREY | JOHNSON, P.C.**

/s/ Brett M. Godfrey
Brett M. Godfrey
Bar No. #16871
Aaron R. Bakken
Bar No. #43138
*Attorneys for Defendant Windtree Apartments LLC d/b/a Weidner Investment Services, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify I have filed and served the foregoing this 22nd day of January, 2018 on the following:

Douglas P. Price, Esq.
Heuser & Heuser, LLP
65 N. Cascade Avenue, Suite 300
Colorado Springs, CO 80903
*Attorneys for Plaintiff*

**Duly signed original on file with the offices of GODFREY | JOHNSON, P.C.**

/s/ Sandi Cooke
Sandi Cooke

*In accordance with C.R.C.P. 121 § 1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*