IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02893-RBJ

ANDREW DOORNBOS,

Plaintiff

v.

WINDTREE APARTMENTS, LLC d/b/a Weidner Investment Services, Inc.,

Defendant.

---

## [~~PROPOSED~~] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is set for February 8, 2018. Plaintiff is represented by Douglas P. Price of Heuser & Heuser, LLP, 625 N. Cascade, Suite 300, Colorado Springs, Colorado 80903, (719) 520-9909. Defendant is represented by Aaron Bakken of Godfrey | Johnson, P.C., 9557 South Kingston Court, Englewood, CO 80112, (303) 228-0700.

### 2. STATEMENT OF JURISDICTION

Plaintiff asserts that jurisdiction is based on upon diversity pursuant to 28 U.S.C. § 1332.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

1

NEGLIENCE- Defendant, through its employees and agents, negligently failed to reasonably maintain the complex's parking lots, roadways and/or walkways during the winter months in Colorado. Defendant's negligent failure to tend to the property is a direct and proximate cause of Plaintiff's slip and fall, which resulted in serious bodily injury to Plaintiff. Defendant, through its employees and agents, had no warning signs up in the complex or common area to warn residents and visitors of icy conditions

PREMISES LIABILITY- Plaintiff was a resident of Windtree Apartments; therefore, he was an invitee on the premises. Defendant created an unreasonably dangerous condition on the property or knew or should have known that a dangerous condition existed on the property, and failed to mitigate or prevent the dangerous condition from causing injury to Plaintiff. Defendant's conduct as set forth in the Complaint, caused injuries, damages, and losses to Plaintiff.

    b. Defendant:

Defendant denies causation of Plaintiff's alleged injuries and denies that Plaintiff has suffered damages as a result of its alleged conduct. Defendant had no knowledge, actual or constructive, of any alleged dangerous condition that Plaintiff asserts caused his injuries. Defendant did not breach any other duties it owed to Plaintiff. Defendant denies that Plaintiff was an invitee at the location where his fall allegedly occurred. Defendant asserts the following affirmative defenses:

    1. The Complaint fails to state a claim upon which relief may be granted.

    2. The Complaint fails to name one or potential parties to this action.

    3. The action may be barred by one or more of the affirmative defenses of accord

and satisfaction, assumption of risk, contributory or comparative negligence, laches, license, sudden emergency, payment, release, waiver, statute of limitations, estoppel, statutory bar and failure to mitigate damages and any other matter constituting an avoidance or affirmative defense.

4. The damages recoverable, if any, against Defendant are subject to reduction for payment from collateral sources pursuant to C.R.S. §13-21-111.6.

5. The damages, if any, recoverable in this action may have resulted from the acts of one or more persons over whom Defendant had no control or right of control and Defendant is, therefore, entitled to a reduction of damages for comparative negligence of others pursuant to C.R.S. §13-21-111.5.

6. The damages recoverable herein are subject to all relevant statutory limitations, including but not limited to those set forth in C.R.S. §§13-21-101, et seq., particularly C.R.S. §13-21-102.5.

7. Plaintiff's claims are barred in whole or in part by all matters which constitute defenses under the Colorado Premises Liability Statute C.R.S. §13-21-115, including, but not limited to, the potential facts that: (1) Defendant did not create the alleged danger which Plaintiff claims caused his injuries, damages or losses; (2) Defendant did not actually know, or have reason to know, of the alleged danger which Plaintiff claims caused his injuries, damages or losses; (3) the alleged danger was not one that was ordinarily present on the property; (4) Defendant exercised reasonable care in its ownership of the property or did not unreasonably fail to do so; and (5) Defendant did not unreasonably fail to warn of

dangers which were present on the property.

8. Plaintiff may have failed to mitigate his injuries, damages and losses.

9. Plaintiff's damages may be barred in whole or in part by his own comparative fault as provided by C.R.S. §13-21-111.

10. This action may be barred by the affirmative defense of an open and obvious danger.

11. The doctrine of intervening or superseding cause may bar Plaintiff's claims, in whole or in part.

12. Plaintiff's claims against Defendant may be barred or subject to limitation by the economic loss rule.

Defendant reserves the right to assert any and all additional affirmative defenses as they are learned through on-going discovery.

    c. Other Parties:

N/A.

## 4. UNDISPUTED FACTS

1. At or about the time of Plaintiff's alleged injury he was a resident at the Windtree Apartment Complex located at 2675 Paragon Drive, in Colorado Springs, El Paso County Colorado. Defendant Windtree Apartments is the owner of the Windtree Apartment Complex. Weidner Investment Services is not a d/b/a of Windtree Apartments LLC.

## 5. COMPUTATION OF DAMAGES

    a. Plaintiff:

4

a.) Pain, suffering, and loss of enjoyment of life in the amount of $50,000;

b.) Permanent Impairment;

c.) Medical expenses of $41,941.93;

d.) Future medical expense is unknown at this time;

e.) Lost wages of $3,862.07;

f.) Scarring and disfigurement;

g.) Attorney's fees, costs, and interest; and

h.) Such other relief as the Court deems just and equitable under the circumstances.

b. Defendant:

Costs and attorney fees as allowed by statute.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting. January 11, 2018.

b. Names of each participant and party he represented.

Plaintiff was represented by Douglas P. Price of Heuser and Heuser, LLP.

Defendant was represented by Aaron Bakken of Godfrey | Johnson, P.C.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) Disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged within 14 days after January 11, 2018, which is January 25, 2018.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed.

R. Civ. P. 26(a)(1).

None.

    e. Statement concerning any agreements to conduct informal discovery:

None.

    f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

None. Judge Jackson does not require a unified numbering system and instead requires the parties to label their exhibits with numbers for the plaintiff and letters for the defendant.

    g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Plaintiff does not expect its claims will involve extensive electronically stored information.

Defendant does not anticipate that its defenses will involve extensive ESI; however, to the extent that Plaintiff's medical records or other discovery involves production of extensive electronic files, the parties agree to cooperate to reduce the burden of electronic discovery.

Counsel agree to produce all electronic records in searchable .pdf format with unique document identification numbers if doing so will not substantively alter the records;

otherwise, counsel agree to exchange the applicable records in native format.

    h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have engaged in initial settlement discussions, which are ongoing.

## 7. CONSENT

All parties ☐ [have] ■ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

    b. Limitations which any party proposes on the length of depositions.

None.

    c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

25 requests for production and 25 requests for admission per party.

    d. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

    a. Deadline for Joinder of Parties and Amendment of Pleadings: March 26, 2018.

    b. Discovery Cut-off: September 28, 2018.

    c. Dispositive Motion Deadline: August 31, 2018.

    d. Expert Witness Disclosure

        1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff:

Defendant:

Defendant anticipates retaining medical experts from each field of medicine that treated Plaintiff. Defendant may also retain a property management expert, and an expert in the alleged ground condition that caused Plaintiff's fall.

        2. Limitations which the parties propose on the use or number of expert witnesses.

None.

        3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 29, 2018.

        4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 27, 2018.

    e. Identification of Persons to Be Deposed:

Plaintiff:

Any experts designated by Defendant.

Defendant:

Andrew Doornbos (Plaintiff) time needed: 7 hours.

Terrie Duffy (Plaintiff's wife) time needed: 3.5 hours.

Dr. Gary Simpson (Plaintiff's treating physician) time needed: 7 hours.

Any other witnesses or experts disclosed by Plaintiff, unknown time.

    f. Deadline for Interrogatories:

None. All responses and objections due by close of discovery.

    g. Deadline for Requests for Production of Documents and/or Admissions:

None. All responses and objections due by close of discovery.

## 10. DATES FOR FURTHER CONFERENCES

    a. Status conferences will be held in this case at the following dates and times: _____.

    b. A final pretrial conference will be held in this case on __12/21/18__

(12/20). A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

    a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

    b. Anticipated length of trial and whether trial is to the court or jury.

Defendant has requested trial to a jury.    1/14/19   3 days

    c. Identify pretrial proceedings, if any, that the parties believe may be more

9

efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 8th day of February, 2018. ~~day of January, 2018.~~

BY THE COURT:

_[signature]_
United States Judge

APPROVED:

Heuser & Heuser, LLP

_[signature]_
s/ Douglas P. Price
Doug P. Price
625 N. Cascade Avenue, Suite 300
Colorado Springs, CO 80903
(719) 520-9909
doug@heuserlaw.com
***Attorney for Plaintiff***

Godfrey | Johnson, P.C.

_[signature]_
Aaron Bakken
9557 South Kingston Court
Englewood, CO 80112,
(303) 228-0700
bakken@gojolaw.com
***Attorney for Defendant***