IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-02893-RBJ

ANDREW DOORNBOS,

    Plaintiff,

v.

WINDTREE APARTMENTS, LLC d/b/a Weidner Investment Services, Inc.

    Defendant.

## DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF MR. PETER MEER

Defendant Windtree Apartments, LLC d/b/a Weidner Investment Services, Inc. ("Defendant"), by and through its undersigned counsel of record, GODFREY | JOHNSON, P.C., and pursuant to Fed. R. Evid. 702, hereby submits its Motion to Exclude the Testimony of Mr. Peter Meer ("Motion") as follows:

**D.C.COLO.LCivR 7.1 Certificate of Conferral:** Defendant's counsel conferred with Plaintiff's counsel Mr. Price regarding this Motion, and specifically they discussed Defendant's concern that Mr. Meer's report does not account for the deposition testimony of Defendant's witness Robert Carr. Mr. Price indicated that Plaintiff intends to disclose a supplemental report from Mr. Meer accounting for Mr. Carr's testimony within two weeks of October 31, 2018. While Defendant's counsel was not willing to forgo filing the instant Motion on this basis, the parties agreed that they would attempt through their Response and Reply to narrow the issues as much as possible in light of any supplemental report by Mr. Meer.

1

## I. INTRODUCTION

This Motion seeks an Order excluding all opinion testimony of Mr. Meer, Plaintiff's property management expert in this premises liability case. In his short report, Mr. Meer manages to render opinions that are inadmissible on almost every ground. While Mr. Meer may be generally qualified in the field of residential property management—a point Defendant does not concede but does not challenge here—every opinion contained in his report fails to meet the standard of admissibility as established by Fed. R. Evid. 702.

First, several of Mr. Meer's opinions are based on his incorrect assumption that Defendant did not apply sand and ice melt to the parking lot where Plaintiff fell. Mr. Meer did not review the deposition transcript of Defendant's non-retained expert Mr. Carr (which occurred after Mr. Meer's report was issued), in which Mr. Carr clearly stated that Defendant applied traction mix consisting of sand and ice melt to the parking lot during regular snow removal. As such, Mr. Meer's opinions based on this assumption fail the requirements of Rule 702 because they are unreliable and not based on sufficient facts or data.

Second, Mr. Meer's ultimate conclusion that Defendant failed to comply with the standard of care, which according to Mr. Meer equates to "use of sand and ice melt in parking lots," is unreliable. To the extent that it is based on his incorrect assumption about the absence of sand and ice melt, this is problematic for the reasons described above. In addition, Mr. Meer does not state if or how he rendered his opinion based on his own experience in property management, nor does he provide any other methodology on which his opinion is based. As such, this opinion does not rest on solid ground and is solely an *ipse dixit* pronouncement.

Third, several of Mr. Meer's opinions are not proper expert opinion testimony because they amount to no more than a theory that more snow removal creates safer conditions. A Colorado jury can surmise this without the assistance of an expert.

Fourth, Mr. Meer forms opinions based on pure speculation regarding the subjective knowledge of Defendant and its agent that are not based on any evidence in the record, nor are they grounded in Mr. Meer's specific factual observations.

Fifth, Mr. Meer renders several improper legal conclusions that intrude on the factfinding role of the jury. Several of Mr. Meer's opinions go straight to Plaintiff's elements of proof, including causation, foreseeability, and whether Defendant exercised reasonable care. These opinions lack any scientific basis. It is improper for an expert in these circumstances to go beyond rendering an opinion on whether Defendant complied with industry standards (assuming he does so reliably). Moreover, these conclusory opinions are unhelpful, would lead to confusion, and would waste time, since Mr. Meer bases them on his incorrect understanding that Defendant did not apply sand and ice melt to the parking lot.

Finally, Mr. Meer renders one opinion concerning freeze and thaw cycles in Colorado that obviously goes beyond his qualifications in residential property maintenance.

For these reasons, Defendant respectfully requests that the court exclude all opinion testimony of Mr. Meer.

## II. BACKGROUND

This case concerns a slip and fall accident that occurred on December 18, 2015 in Colorado Springs, Colorado. At the time, Mr. Doornbos was a resident of Windtree Apartment Homes, which is managed by Weidner Apartments. Mr. Doornbos has alleged that he was

walking to his car in the parking lot when he slipped on ice that was underneath slush. Mr. Doornbos sustained a fractured ankle and underwent surgery after the fall.

Plaintiff has disclosed Mr. Meer as a retained expert in residential property management. *Exhibit A*. Mr. Meer's report provides two primary opinions under the section labeled "opinions" in his report:

> The snow/ice removal policies at Windtree Apartments DID NOT meet the required standard of care for residents. The failure to meet this standard of care is the causal factor in the fall of Mr. Doornbos on December 18, 2015 (see section I for the basis of this opinion)
>
> Mr. Doornbos's fall was a foreseeable event. (section I and II for the basis of the opinion). Clearly, Windtree was aware of the dangers, as sand and ice melt were routinely used on the sidewalks in the complex, but not in the parking lots. Finally, the Colorado Premises Liability Act 13-21-115 3(c) would point to the fact that Windtree Apartments unreasonable failed to exercise reasonable care to protect tenants against dangers of which they actually knew or SHOULD HAVE KNOWN.

*Exhibit B* at 4 (emphasis in original).

According to Mr. Meer, these opinions are based in part on his review of the deposition transcript of Mr. Doornbos, as well as Jeffrey Cox and Michael Malone who are employees of Weidner. *Id.* at 1. Mr. Meer also reviewed Weidner's snow removal policy, the December 2015 snow calendar for Windtree Apartment Homes, and photographs taken by Defendant's agent showing the parking lot following the incident. *Id.*

Mr. Meer's report does not state that he uses any particular methodology. *See id.* It also does not reference any external standards that guide his analysis of the standard of care; however, he asserts that "In Colorado the use of sand and ice melt in parking lots is a normal standard of care utilized by most multi-unit complexes." *Id.* at 3. According to the report, Mr. Meer based his opinions primarily on the facts that he gleaned from the deposition transcripts. *Id.*

4

at 2-3. Mr. Cox and Mr. Malone's testimony was that the snow removal policy in place at Windtree Apartment Homes was to plow the parking lots when there were three or more inches of snow. *Id.* Mr. Cox's testimony was that the policy was to apply ice melt to the sidewalks and the plows would apply "dirt" to the parking lots. *Id.* at 2. Mr. Malone's testimony was that maintenance put down "sand" through the driveways. *Id.* at 3.

Defendant disclosed Mr. Carr as a non-retained expert in property management. *Exhibit C.* Mr. Carr is the regional vice president of Weidner Apartments, who in that capacity assisted in the creation of the policies and procedures for snow removal. *Id.* at 1. He also is a fact witness to many of the material developments that gave rise to this lawsuit, including the snow and ice removal procedures used around the time leading up to the incident. *Id.*

Mr. Carr stated in his deposition that Weidner uses traction mix, consisting of sand and ice melt, that is picked up directly from Pioneer Sand & Gravel and dumped into the truck that is used for plowing. *Exhibit D* at 30:22-31:20. Mr. Carr stated that this is applied as needed after a snow event. *Id.* at 38:17-39:11. Mr. Carr also stated that, at times, employees will hand-throw ice melt in the parking lot. *Id.* at 52:1-4. Mr. Carr also observed evidence of ice melt in the photographs of the parking lot taken after the incident. *Id.* at 58:9-22.

Mr. Meer did not incorporate Mr. Carr's deposition into his report, as it occured after the report was issued. *Ex. B.* Mr. Meer has not supplemented his report or his opinions to reflect Mr. Carr's testimony regarding the use of sand and ice melt on the parking lot.

### III. DISCUSSION

#### A. *The Court's Gatekeeping Role*

Fed. R. Evid. 702 governs the admission of expert testimony. *U.S. v. Call*, 129 F.3d 1402, 1404 (10th Cir. 1997). It states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. This rule imposes on the district court a "gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *U.S. v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004) (quoting *Daubert*, 509 U.S. at 589). To perform that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 592-93).

Chief Judge Krieger has explained that the analysis under a motion to exclude as a two-step process: determining "(i) what methodology did the witness use to reach the opinion; and (ii) is that methodology generally deemed "reliable" in the field in which the expert works. *United States v. Crabbe*, 556 F.Supp.2d 1217, 1222-23 (D. Colo. 2008). Both inquiries are entirely factual in nature, and the proponent of the opinion must establish both inquiries by sufficient, competent evidence. *Id.* Generally, courts consider four factors when determining whether an expert's opinion is reliable: "(1) whether a theory has been or can be tested or falsified, (2) whether the theory [ ] has been subject to peer review and publication, (3) whether there are known or potential rates of error with regard to specific techniques, and (4) whether the theory or approach has 'general acceptance.'" *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2005) (citing *Daubert*, 509 U.S. at 593-94).

"However, in cases such as the present, where an expert does not rely on testing or data, and instead supports his opinions 'primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Jorgensen v. Ritz-Carlton Hotel Co. LLC*, No. 16-CV-00795-MEH, 2017 WL 3390582, at *6 (D. Colo. Aug. 8, 2017) (citing Fed. R. Evid. 702, advisory committee note; *Poore v. Glanz*, No. 11-cv-797-JED-TLW, 2014 WL 4263225, at *3 (N.D. Okla. Aug. 29, 2014)).

In addition, an expert may not simply tell the jury what result it should reach. *United States v. Simpson,* 7 F.3d 186, 188 (10th Cir.1993). While expert opinion is not always excluded because it touches on an ultimate issue, an expert may not state a legal conclusion by applying the law to the facts of the case. Fed. R. Evid. 704(a); *Okland Oil Co. v. Conoco, Inc.,* 144 F.3d 1308, 1328 (10th Cir. 1998) (citations omitted). The court will not allow expert testimony that invades the province of the jury or renders opinions on issues of law. *See Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

The proponent of the expert testimony bears the burden of establishing the foundational requirements of Rule 702 by a preponderance of the evidence. *U.S. v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). While doubts whether an expert's testimony will be useful generally should be resolved in favor of admissibility, such testimony should be excluded when the opinion "is so fundamentally unsupported that it can offer no assistance to the jury." *Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1053 (D. Colo. 2011); *see also Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 377 (D. Kan. 2010) (finding that expert's opinions based on his experience in the flooring industry and the field of slip and fall prevention were insufficiently reliable to present to a jury).

### B. Mr. Meer's Opinions Are Not Reliable Because They Do Not Account For Mr. Carr's Testimony That Defendant Applied Sand And Ice Melt To The Parking Lots.

Mr. Meer's report lists the following opinions based on his assumption that that there was no sand or ice melt used in the parking lot: "There is no mention of ice melt or sand being used in the parking lot area, which would certainly improve safety for the residents," *Ex. B* at 2; "It seems clear that sand nor ice melt was used but rather dirt which would have done little to help insure the safety of the resident [*sic*] trying to reach their vehicles," *id.* at 3; "Mr. Malone, as the manager of the complex, should have known of the risk to residents in [using dirt to melt the ice]," *id.* at 4. These opinions are not based on sufficient facts or data, nor are they reliable, because they do not consider Mr. Carr's testimony, as described above, that Weidner in fact does use a combination of sand and ice melt to clear the parking lots.

Courts have found sufficient grounds to exclude an expert's opinion when it is not connected to the actual facts of the case. *See, e.g.*, *Porges v. Wal-Mart Stores, Inc.*, No. 09 C 3705, 2011 WL 939922, at *5 (N.D. Ill. Mar. 15, 2011) (finding a report unreliable when it was based on testing of floor mats but was not connected to the actual mat that the plaintiff tripped over); *see also Fanning v. Sitton Motor Lines, Inc.*, 2010 WL 4261476, at *7 (D. Kan. 2010) ("[T]o satisfy the strictures of *Daubert*, an expert may not base his or her testimony upon assumptions that are not supported by the evidence.").

Thus, Mr. Meer's opinions based on his assumption that that there was no sand and ice melt used in the parking lot are not reliable and should be excluded.

### C. Mr. Meer's Opinions Of The Standard Of Care And That Defendant Failed To Meet The Standard Of Care Are Not Based On Reliable Application Of Any Accepted Methodology.

Mr. Meer also fails to use any generally accepted methodology and instead states, without any support for his opinion, that "In Colorado the use of sand and ice melt in parking

8

lots is a normal standard of care utilized by most multi-unit complexes." *Ex. B* at 3. Mr. Meer also concludes that "The snow/ice removal policies at Windtree Apartments DID NOT meet the required standard of care for residents." *Id.* at 4.

As discussed above, Mr. Meer rendered these opinions based on his assumption that that there was no sand and ice melt used in the parking lot, which is incorrect because Mr. Carr testified that Defendant did indeed apply both sand and ice melt to the parking lots.

Mr. Meer also fails to specify the methodology he used, including how he derived the industry standard. Failure to support the method used to arrive at an opinion is grounds for exclusion. *See Hatfield v. Wal-Mart Stores, Inc.*, 335 F. App'x 796, 800 (10th Cir. 2009) (upholding exclusion of expert testimony because expert could not articulate an industry standard for the placement of mats, and finding that the trial court correctly applied the reliability component of Daubert/Kumho Tire as to an industry standard); *Porges v. Wal-Mart Stores, Inc.*, No. 09 C 3705, 2011 WL 939922, at *5 (N.D. Ill. Mar. 15, 2011) (finding an expert opinion unreliable because it did not reference specific safety guidelines that required fastening of mats to the floor, nor did it discuss whether the five pounds of force required to flip over the mats in storage was in violation of workplace standards); *Davenport v. Menard, Inc.*, No. 14-CV-222-KHR, 2016 WL 1317533, at *4 (D. Wyo. Jan. 28, 2016) ("The party 'must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability.'").

It appears that Mr. Meer's opinion is based solely on his experience, but he does not explain how his experience leads to his conclusion that Defendant did not meet industry standards. "Opinions are valueless as evidence without exploration of the underlying facts and rationale showing the path from the facts to the opinion." *Davenport v. Menard, Inc.*, No. 14-

9

CV-222-KHR, 2016 WL 1317533, at *3 (D. Wyo. Jan. 28, 2016) (citing *United States v. R.J. Reynolds Tobacco Co.,* 416 F.Supp. 316, 325 (D.N.J.1976)); *Jorgensen*, 2017 WL 3390582, at *6 (stating that expert who relies "primarily on experience, … must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

In a comparable case, the Court rejected an expert's opinion that was based on insufficient methodology and application of the methodology, stating:

> It is difficult to see what amount of data would be sufficient, however, because Stodola never identifies her methodology. Nowhere in her report does Stodola mention any actual analysis being applied, other than a cursory explanation of the "safety hierarchy." She provides no explanation as to when walk-off mats should be applied, when they shouldn't, what alternative methods might be acceptable, and how she determines when such considerations do or do not apply. Ultimately, she provides no guidance as to what differentiates this case from other cases where a different conclusion might be appropriate.

*Henkel v. Albertsons, LLC*, No. 14-CV-02217-CMA-MJW, 2015 WL 3637075, at *3 (D. Colo. June 11, 2015). Nearly the exact same critique can be leveled against Mr. Meer.

Thus, Mr. Meer's *ipse dixit* opinions on the standard of care to use sand and ice melt and that Defendant failed to meet the standard of care are not reliable because they are not based on reliable application of any accepted methodology.

### D. Mr. Meer's Opinions, Such As Further Plowing Would Improve Safety, Are Unhelpful.

Mr. Meer's opinions boil down to the observation that Defendant did not sufficiently clear the parking lot. For example, Mr. Meer's report states that "based on [pictures taken on the date of the incident], it does appear further plowing would have improved safety for the residents." *Ex. B* at 2. To the extent that Mr. Meer's opinion is that *the more snow removal occurs in a parking lot the safer it is*, this opinion does not assist the trier of fact.

A jury can understand the evidence presented by the testimony of Plaintiff and Defendant's maintenance personnel, the pictures, the snow report, and the snow policy, without expert opinion. *See, e.g., United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006) (citing *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir.1991) (noting that "Rule 702 ... dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject")); *Getter v. Wal-Mart Stores, Inc.*, 66 F.3d 1119, 1124 (10th Cir. 1995) (upholding lower court's decision to exclude "plaintiff's proffered expert testimony because 'the normal life experiences and qualifications of the jury would permit it to draw its own conclusions concerning the safety of the floor, based upon the lay testimony of eyewitnesses.'"). "[E]xpert testimony is not necessary where the matter in issue is such that the jury can be expected to draw the correct inferences from the facts presented." *Jorgensen*, 2017 WL 3390582, at *5 (citing *United Telecomms., Inc. v. Am. Television & Commc'ns Corp.*, 536 F.2d 1310, 1317 (10th Cir. 1976)).

Because the jury can decide whether Defendant breached its duty to Plaintiff under the premises liability statute without the opinion of the expert, Mr. Meer's opinions are unhelpful and would not assist the jury with determining a fact in issue.

### E.  Mr. Meer's Opinions Regarding Defendant's Subjective Knowledge Are Speculative.

Mr. Meer provides several opinions that go to Defendant or its agent's knowledge, which are purely speculative. Mr. Meer states: "Clearly, Windtree was aware of the dangers, as sand and ice melt were routinely used on the sidewalks in the complex, but not in the parking lots." *Ex. B* at 4. He also states "It seems clear that Mr. Malone has little if any knowledge about parking lot snow or ice removal." *Id.* at 3. Mr. Meer's opinions on whether Defendant knew of

11

any dangerous condition and on Mr. Malone's knowledge of snow and ice removal are completely without foundation or factual support.

In a similar circumstance, a Court excluded an expert's speculative opinions surmising motivation on the part of a defendant where nothing in the record reflected that the expert had knowledge of that fact. *See O'Sullivan v. Geico Cas. Co.*, 233 F. Supp. 3d 917, 927 (D. Colo. 2017) ("The Court will exclude speculative or subjective opinions or commentary, including statements lacking foundation as to what Geico was "possibly" attempting to do …, or other testimony not grounded in a specific factual observation").

### F. Mr. Meer Renders Legal Opinions That Intrude On The Factfinding Role Of The Jury.

Mr. Meer's report also states the following opinions that go directly to the elements of Plaintiff's case: "The failure to meet this standard of care is the causal factor in the fall of Mr. Doornbos on December 18, 2015," *Ex. B* at 4; "Mr. Doornbos's fall was a foreseeable event," *id.*; and "Finally, the Colorado Premises Liability Act 13-21-115 3(c) would point to the fact that Windtree Apartments unreasonable [*sic*] failed to exercise reasonable care to protect tenants against dangers of which they actually knew or SHOULD HAVE KNOWN," *id.* A plaintiff in a premises liability case must prove: "(1) The landowner 'actually knew or should have known' of the danger to the invitee; and (2) the landowner 'unreasonably failed to exercise reasonable care' to protect the invitee from that danger." C.R.S. § 13-21-115(3)(c)(I).

As courts have recognized, expert opinion may not "usurp the role of the jury in applying [the applicable] law to the facts before it." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1131 (10th Cir. 2006). For instance, Magistrate Hegarty excluded an expert's opinions that impermissibly stated "ultimate principles of law governing the deliberations of the jury," such as the opinion that the defendant "did not take reasonable care and, as a result, did not provide a

safe environment" to the Plaintiff. *Jorgensen*, 2017 WL 3390582, at *7. Though Magistrate Hegarty found that the expert could "testify as to specifically how Defendant failed to take reasonable care," he could not "state his opinion that Defendant acted unreasonably, as this is an element of Plaintiff's prima facie case." *Id.*

Judge Babcock concluded that expert opinion that a defendant "violated a legal duty, as opposed to acted in contravention to ordinary practices of the industry, [] is not permissible expert testimony under Colorado law." *Slavin v. Garrison Prop. & Cas. Ins. Co.*, No. 14-CV-01839-LTB-KMT, 2017 WL 2928030, at *9 (D. Colo. July 10, 2017) (citing *Baumann v. Am. Family Mut. Ins. Co.*, 836 F. Supp. 2d 1196, 1200-03 (D. Colo. 2011)). Judge Babcock further explained that, "[w]hile testimony of experts concerning ordinary practices or trade customs in an industry are admissible to enable the jury to evaluate the conduct of the parties as against the standards of ordinary practice, opinions as to the legal standards which the expert contends control the case are not." *Id.*

A district judge in the District of Wyoming similarly concluded that an expert could not opine as to the cause of an accident. *Davenport v. Menard, Inc.*, No. 14-CV-222-KHR, 2016 WL 1317533, at *4 (D. Wyo. Jan. 28, 2016). The court decided that while the expert could generally "offer testimony regarding industry standards and practices and discuss Defendants' actual conduct, he could not offer testimony stating Defendants' conduct caused the accident, violated the law, was negligent, or offer any other improper legal conclusions." *Id.*

In line with this reasoning, Mr. Meer's opinion that that "the Colorado Premises Liability Act 13-21-115 3(c) would point to the fact that Windtree Apartments unreasonable [*sic*] failed to exercise reasonable care to protect tenants against dangers of which they actually knew or SHOULD HAVE KNOWN" impermissibly states an opinion that Defendant acted unreasonably

13

and violated a legal duty, as opposed to that it simply failed to meet industry standards. In addition, Mr. Meer's opinions that Defendant's alleged failure to meet the standard of care was the *cause* of Mr. Doornbos's fall and that the fall was a *foreseeable* event improperly state legal conclusions. These opinions should be excluded.

### G. Mr. Meer Is Not Qualified To Render An Opinion Concerning Colorado's Freeze And Thaw Cycles.

Mr. Meer states in his report that "Colorado has freeze and thaw cycles that occur which require additional work in parking lots, besides just clearing them." *Ex. B* at 3. Mr. Meer's *Curriculum Vitae* does not support that he is an expert in earth science, meteorology, climatology, or any related field, and nor has he been endorsed as such. *Cf. Ex A*. Mr. Meer obtained a bachelor degree in business and a masters of business administration. *Exhibit E*. Neither Mr. Meer's specialized training in property management nor his experience in property management demonstrate any specialized knowledge or understanding of weather patterns in Colorado and their effects on snow- or ice-melt.

To qualify as an expert, the expert must possess such "knowledge, skill, experience, training, or education" in the particular field as to make it appear that his or her opinion would rest on substantial foundation and would tend to aid the trier of fact in its search for the truth. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). Plaintiff cannot demonstrate that Mr. Meer has qualification to render an opinion on Colorado's "freeze and thaw cycles" and their effect on parking lot maintenance.

### IV. CONCLUSION

In sum, even if Mr. Meer possesses specialized knowledge based on his experience in residential property maintenance, each and every one of the opinions Mr. Meer offers in his

report is inadmissible for the reasons described in this Motion. Defendant respectfully requests that this Court exclude all opinion testimony by Mr. Meer.

Respectfully submitted this 31st day of October, 2018.

GODFREY | JOHNSON, P.C.

/s Aaron R. Bakken
Aaron R. Bakken
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: 303-228-0700
Fax: 303-228-0701
Email: bakken@gojolaw.com
*Attorneys for Defendant Windtree Apartments LLC d/b/a Weidner Investment Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECT system, which will send notification to such filing to the following:

Gordon Heuser, Esq.
Douglas P. Price, Esq.
Heuser & Heuser, LLP
65 N. Cascade Avenue, Suite 300
Colorado Springs, CO 80903
*Attorneys for Plaintiff*

/s Aaron R. Bakken
Aaron R. Bakken
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: 303-228-0700
Fax: 303-228-0701
Email: bakken@gojolaw.com