IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02893-RBJ

ANDREW DOORNBOS,

    Plaintiff,

v.

WINDTREE APARTMENTS, LLC,

d/b/a WEIDNER INVESTMENT SERVICE, INC.

    Defendant.

---

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF MR. PETER MEER**

---

Comes now Plaintiff, by and through his attorneys, Heuser & Heuser, LLP and would respond to the Defendant's motion to exclude the testimony of Mr. Peter Meer. Plaintiff would state and aver as follows:

## I. Introduction-Response

The Defendant moves this Court to strike Plaintiff's expert based upon the belief that said expert made "incorrect assumptions" in rendering his opinion. The Defendant fails to inform this Court that Plaintiff's expert will testify from the documents supplied by the Defendant and the recorded testimony of the Defendant's own witnesses.

What is important in these fact witnesses are that they are the very employees who were present at the apartment complex on the date of the injury. The Defendant's supplied testimony and reference documents contradict what their Non-Retained Expert believes happened.

A disagreement on the facts of the case is not a valid reason to exclude an expert.

## II. Background-Response

The facts of this case center around a slip and fall accident that occurred on December 18, 2015 in Colorado Springs, Colorado. The Defendant has correctly identified the proper parties to this occurrence.

The Plaintiff and Defendant have disclosed various documents and photographs. The parties have also taken depositions of the Plaintiff, his wife and witnesses who were at the apartment complex on the date of the injury.

The Plaintiff has retained Mr. Meer as an expert in residential property management and maintenance and as such Mr. Meer has compiled a report using the witnesses' testimony, documents, photographs, policy and procedure excerpts and his expertise in property management and maintenance to render an opinion regarding "property management and

maintenance", the necessary standard of care and the Defendant's failure to exercise reasonable care to protect its' tenant.

After Mr. Meer rendered his opinion and had given his deposition, the Defendant revealed a non-retained expert, Mr. Carr, who based his conclusion on conflicted testimony, facts and his experience as a Vice President for the Defendant.

### III. Discussion-Response

The Plaintiff agrees with the Defendant's position of the Court as a gatekeeper. The Plaintiff also agrees that the cases of *United States v. Crabbe*, 556 F. Supp.2d 1217, (D. Colo. 2) and *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167,1171 (1999) are relevant in this matter.

The Defendant believes Plaintiff's expert fails to qualify as an expert due to the fact that he does not state how he "renders his opinion". It is obvious, but ignored by the Defendant, that Mr. Meer's expertise is in property management and maintenance and the standard of care necessary to protect tenants on said property. Property Management and Maintenance is not a technical field. Mr. Meer does not have a scientific background, nor do the facts of this case lend itself to testing or the analysis of data. It is an opinion rendered on whether the Defendant had in effect a policy and procedure for the treatment of snow and ice in a parking lot. It is an opinion rendered on whether the Defendant attempted to safeguard the parking lot for slip and

falls by the application of snow plowing, shoveling, ice melt and other methods. It is an opinion rendered on whether the Defendant used and applied reasonable standards in these analysis.

What is necessary to render an opinion in non-technical areas such as Property Management and Maintenance?  Courts have traditionally relied on "hands on" experience, publications, teaching, recognition in the industry and prior qualifications as an expert in the field.  Mr. Meer's curriculum vitae is replete with these requirements.  (See Plaintiff's Exhibit A)

Courts also see the importance in jury education.  For generalized testimony, Federal Rules of Evidence 702 simply requires: (1) the expert be qualified; (2) the testimony address a subject matter on which the fact finder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony fit the facts of the case.   Also see, *United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997)

The Defendant's other objections to the Plaintiff's expert testimony all center around their belief that Mr. Meer expresses an opinion which is not objectively verifiable.  Again, please refer to *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167,1178 (1999) which stated that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience."

It was noted in the 2000 amendment notes to the Federal Rules of Evidence 702 that "nothing in this amendment is it tended to suggest that experience alone or experience in conjunction with other knowledge, skill, training or education may not provide a sufficient foundation for expert testimony. To the contrary, the text of rule 702 expressly contemplates that an expert maybe qualified on the basis of experience".  In certain fields, experience is the

predominate if not sole basis for a great deal of reliable expert testimony.  Again see e.g. *United States v. Jones,* 107 F.3d 1147 (6th Cir. 1997).

What does this mean for the Court in the consideration of this Motion to Exclude Testimony after the case of *Daubert v. Merrell Dow Pharmaceuticals, Inc*. 43 F.3d 1311 (9th Cir. 1995)?   The rejection of expert testimony is the exception rather the rule.  "*Daubert* did not work a seachange over federal evidence law, and the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system".  *United State v. 14.38 Acres of Land Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996) As stated in *Daubert*, rather than exclusion, the proper and traditional way of attacking the questionable expert opinion is by "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."

As noted in *Kumho Tire*, and the 2000 amendment notes to the Federal Rules of Evidence 702 "the amendment was not intended to provide an excuse for an automatic challenge to the testimony of every expert".   *Kumho Tire* noted at page 1176 "that a trial judge has the discretion both to avoid unnecessary reliability proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises."

Finally, there is no procedural requirement for this Federal Rules of Evidence Rule 702 review of expert testimony.  See Daniel J. Capra, *The Daubert Puzzle*, 38 Ga. L. Rev. 699, 766 (1998) ("Trial courts should be allowed substantial discretion in dealing with Daubert questions; any attempt to codify procedures will likely give rise to unnecessary changes in practice and create difficult questions for appellate review.")

### IV. Conclusion-Response

Mr. Meer does possess specialized knowledge starting from 1966 and continuing to the present in the area of residential property management and maintenance. It is not only the knowledge, but his "hands on experience", publications, teaching, licensing, recognition in the industry and prior use as an expert in over 30 different cases nationally which make him qualified to opine in this matter. Plaintiff respectfully requests that this Court allow all expert testimony by Mr. Meer.

Respectfully Submitted this 21st day of November, 2018.

s/ Douglas P. Price
Heuser & Heuser, L.L.P.
625 North Cascade Avenue, Suite 300
Colorado Springs, CO 80903
719-520-9909
doug@heuserlaw.com

**Certificate of Service**

I hereby certify that on this 21st day of November, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Aaron Bakken

9557 South Kingston Court

Englewood, CO 80112

bakken@gojolaw.com

Attorney for the Defendant

*s/            Terri Murphy*