**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02893-RBJ

ANDREW DOORNBOS,

    Plaintiff,

v.

WINDTREE APARTMENTS, LLC d/b/a Weidner Investment Services, Inc.

    Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF**
**MOTION TO EXCLUDE THE TESTIMONY OF MR. PETER MEER**

---

Defendant Windtree Apartments, LLC d/b/a Weidner Investment Services, Inc. ("Defendant"), by and through its undersigned counsel of record, GODFREY | JOHNSON, P.C., and pursuant to Fed. R. Evid. 702, submits its Reply in Support of Motion to Exclude the Testimony of Mr. Peter Meer ("Motion") as follows:

## I. INTRODUCTION

Defendant's Motion sought an Order excluding Mr. Meer on the ground that his opinions fail for various reasons to meet the standard of admissibility set forth in Fed. R. Evid. 702. Plaintiff essentially responded with three arguments: Mr. Meer's experience qualifies him as an expert, there is a factual dispute concerning whether Defendant applied sand and ice melt to its parking lot, and exclusion of expert testimony is the exception rather than the rule. None of these arguments should persuade the Court to deny Defendant's Motion.

First, Defendant does not challenge Mr. Meer's qualifications in its Motion. But regardless, Plaintiff's claim that Mr. Meer's opinions are based on his experience in property management

does not satisfy the requirement of Rule 702 that he must explain how his experience leads to the conclusions he reached, why that experience is a sufficient basis for his opinions, and how he reliably applied that experience to the facts. Second, Plaintiff attempts to create a fact dispute where none exists, given that the testimony by other witnesses—relied on by Plaintiff's expert—does not contradict that of Defendants' expert concerning the use of so-called traction mix. Finally, and perhaps most conclusively, Plaintiff does not meet his burden to show that Mr. Meer's testimony is admissible because Plaintiff's Response entirely fails to offer a substantive rebuttal to any of the specific arguments in Defendant's Motion.

## II. ARGUMENT IN REPLY

### A. *Mr. Meer's experience alone is not sufficient to render his opinions reliable.*

Plaintiff appears to claim that Mr. Meer is qualified to render an opinion on property management based on his experience, and that this experience is sufficient to render his opinions admissible under Rule 702. This is simply not the case.

Defendant does not challenge Mr. Meer's qualifications and acknowledges that Mr. Meer rendered an opinion based on his experience. However, as Defendant argued in its Motion, an expert who bases his opinion on experience "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *See* Mot. (ECF no. 38) at 7, 10 (and rules and cases cited therein). The proponent of expert testimony has the burden to show that the testimony is admissible. *U.S. v. Nacchio*, 555 F. 3d 1234, 1241 (10th Cir. 2009).

Plaintiff has not met his burden. Specifically, Plaintiff does not explain how Mr. Meer's experience leads to his conclusion that the "normal standard of care utilized by most multi-unit complexes" is the use of sand and ice melt. Has Mr. Meer actually observed the snow and ice

removal policies or procedures of all multi-unit complexes in Colorado, such that he can say with a reasonable degree of certainty that *most* utilize this standard? Has Mr. Meer instead relied upon a published industry standard in making this assertion, but declined to reference the same in his report? And what does "use of sand and ice melt in parking lots" require exactly, in terms of frequency and method of application and why was it not met in this case? We simply do not know. Rather than provide a coherent explanation of how Mr. Meer rendered his opinions based on experience, Plaintiff is impermissibly asking the Court to take Mr. Meer's word for it. *Cf.* Fed. R. Evid. 702 (2000 Advisory Committee Notes) ("The trial court's gatekeeping function requires more than simply "taking the expert's word for it.").

Contrary to Plaintiff's seeming assertion, just because an expert is qualified and bases his opinions in his experience does not make the opinions *per se* admissible. *See, e.g., Parker v. WalMart Stores, Inc.*, 267 F.R.D. 373, 377 (D. Kan. 2010) (holding that even if an expert's opinions were based on his experience in the flooring industry and the field of slip and fall prevention, they were insufficiently reliable to present to a jury because they were not based on sufficient facts, or other relevant data, or on any industry standards). Plaintiff's citations to *Kumho Tire Co. v. Carmichael*, 119 S. Ct. 1167, 1178 (1999) and the 2000 Advisory Committee Notes acknowledging that opinions *may* be based on experience do not create a rubber stamp for all experience-based opinion testimony. In fact, the Sixth Circuit case cited by Plaintiff, while acknowledging that experience plays a role in the reliability analysis in the context of non-scientific experts, states that "experience alone does not ensure either reliability or admissibility." *United States v. Jones*, 107 F.3d 1147, 1155 (6th Cir. 1997).

The remainder of Plaintiff's citations are aimed at generally limiting this Court's review of expert testimony. While it is true that exclusion of expert testimony is the exception rather than the rule, this case calls for application of the exception.

### B. *There is no real fact dispute about whether or not Defendant applied sand and ice melt to the parking lot.*

Plaintiff appears to claim that the fact that some witnesses did not understand that the snow plow truck contained sand and ice melt creates a factual dispute, and thus it is proper for Mr. Meer to base his opinions on his incorrect assumption that no sand and ice melt were used. Aside from wasting the jury's time with fatal cross-examination, this testimony would be prejudicial to Defendant because it would imply a real fact dispute exists where it does not.

Jeffrey Cox and Michael Malone were employees of Weidner who worked at the grounds of Windtree Apartments at the time of Plaintiff's fall. *See* Mot. (ECF no. 38) at 4. Mr. Cox's deposition testimony was that the snow plow truck would apply "dirt" to the parking lots. *Id.* at 5. Mr. Malone's deposition testimony was that maintenance put down "sand" through the driveways. *Id.* Neither of these individuals knew what exact mixture was in the truck.

Mr. Cox's deposition transcript makes clear that he was not exactly sure what was in the mix that is distributed by the truck:

> Q All right. Tell me about the back end of the pickup truck. What did it have on it?
> A A container that has dirt, shoots dirt out as it goes on. I don't know what it's called, but that's what's on the back of it.
> Q And would it frequently also be used in the parking lot?
> A Yes.
> Q And what was the purpose of that?
> A Try to melt the ice.
> Q Would it have Ice Melt in it, or was it sand, or dirt, or what was it?
> A I want to say dirt.

*Exhibit A* (Deposition of Mr. Cox) at 25:9-21. This is not sufficient to create a genuine dispute, especially because Mr. Cox acknowledged that the regional office was in charge of parking lot snow removal involving the trucks. *Id.* at 11:8-15. Mr. Malone also stated that he was not certain what was in the mixture distributed by the truck:

> Q And then the trucks that come through and plow, describe those for me, because there's a whole bunch of different kinds of vehicles that do that. What was Weidner using at that time?
>
> A So it was a Chevy pickup truck with a plow on the front.
>
> Q All right. And how did the sand get spread out?
>
> A Then they have a spreader in the bed of the truck.
>
> Q So something that they load up with; is it gravel, is it walnut, is it sand? What is it?
>
> A I believe it's a sand mixture. And they have a device that will spread it as they drive through.
>
> Q So it's a sand mixture. What else does it have in it?
>
> A I don't know the specifics of what's in it.

*Exhibit B* (Deposition of Mr. Malone) at 33:22-34:14.

By contrast, Mr. Carr, as Regional Vice President of Weidner, explained during his deposition that Weidner uses traction mix, consisting of sand and ice melt, that is picked up directly from the vendor and dumped into the snow plow truck. *See* Mot. (ECF no. 38) at 5. Mr. Carr also presented a receipt of the traction mix from Pioneer Sand & Gravel. Mr. Cox and Mr. Malone's testimony does not clearly contradict this information, and neither will contest Mr. Carr's evidence. *Exs. A* and *B*. Allowing Mr. Meer to imply that there is a factual dispute, where there is not, would waste time and would be misleading to the jury.[1]

---

[1] Plaintiff's counsel indicated that Mr. Meer would supplement his report to account for the evidence provided by Mr. Carr, and Plaintiff requested an extension of time to do so (ECF no. 37), but Plaintiff did not produce any rebuttal report.

### *C. Plaintiff does not provide any substantive response to Defendant's specific arguments against Mr. Meer's opinions.*

As for the specific arguments Defendant advanced against Mr. Meer's opinions, Plaintiff does not present the Court with any justification for admitting the opinions.

As discussed above and in Defendant's original Motion, Mr. Meer's opinions based on the lack of sand and ice melt are unreliable because they do not account for Mr. Carr's uncontroverted evidence that sand and ice melt *was* applied to the parking lots. *See* Mot. (ECF no. 38) at 8. Next, and as discussed above and in Defendant's Motion, Plaintiff does not support Mr. Meer's statements regarding the standard of care by explaining or clarifying how Mr. Meer derived the standard. *Cf. id.* at 8-10. Even an expert's opinion based on experience must still explain how he arrived at his conclusion, especially when that conclusion is purportedly based on application of an industry standard. *See id*.

Plaintiff further does not explain how Mr. Meer's opinions, to the extent that they contain common sense guidance about the importance of clearing snow and ice, would assist the trier of fact, given that the jury has sufficient lay knowledge to understand this evidence. *Cf. id.* at 10-11. Plaintiff does not support his expert's claim to know Defendant's subjective knowledge about the dangers of ice in parking lots or its agent's knowledge about parking lot snow and ice removal. *Cf. id.* at 11-12. Nor does Plaintiff provide any authority to support his expert providing opinions on ultimate issues such as whether Defendant's alleged failure to meet the standard of care caused Plaintiff's fall, whether Plaintiff's fall was foreseeable, and whether Defendant failed to meet the standard of C.R.S. § 13-21-115(3)(c)(I). *Cf. id* at 12-14. Finally, Plaintiff does not contribute any argument to the issue of whether Mr. Meer is qualified to render an opinion concerning Colorado's freeze and thaw cycles. *Cf. id.* at 14. Plaintiff only attaches Mr. Meer's CV which does not indicate

that Mr. Meer has specialized training or experience in freeze and thaw cycles, and Plaintiff admits that Mr. Meer does not have a scientific background. Resp. (ECF No. 40) at 3.

Thus, Plaintiff has not met his burden to show that Mr. Meer's opinions are admissible.

### III. CONCLUSION

In sum, for the reasons described in this Reply and Defendant's original Motion, Defendant respectfully requests that this Court exclude all opinion testimony by Mr. Meer.

Respectfully submitted this 5th day of December, 2018.

> GODFREY | JOHNSON, P.C.
>
> /s Aaron R. Bakken
> Aaron R. Bakken
> 9557 S. Kingston Court
> Englewood, Colorado 80112
> Phone: 303-228-0700
> Fax: 303-228-0701
> Email: bakken@gojolaw.com
> *Attorneys for Defendant Windtree Apartments LLC d/b/a Weidner Investment Services, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECT system, which will send notification to such filing to the following:

> Gordon Heuser, Esq.
> Douglas P. Price, Esq.
> Heuser & Heuser, LLP
> 65 N. Cascade Avenue, Suite 300
> Colorado Springs, CO 80903
> *Attorneys for Plaintiff*

> /s Aaron R. Bakken
> Aaron R. Bakken
> 9557 S. Kingston Court
> Englewood, Colorado 80112
> Phone: 303-228-0700
> Fax: 303-228-0701
> Email: bakken@gojolaw.com