**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-02893-RBJ

ANDREW DOORNBOS,

      Plaintiff,

v.

WINDTREE APARTMENTS, LLC d/b/a Weidner Investment Services, Inc.

      Defendant.

---

## DEFENDANT'S MOTION *IN LIMINE*

---

Defendant Windtree Apartments, LLC d/b/a Weidner Investment Services, Inc. ("Defendant"), by and through its undersigned counsel of record, GODFREY | JOHNSON, P.C., hereby submits its Motion *in Limine* as follows:

**D.C.COLO.LCivR 7.1 Certificate of Conferral:** Defendant's counsel conferred with Plaintiff's counsel, who conveyed that Plaintiff opposes the relief requested herein.

## I. INTRODUCTION

This case concerns a slip and fall that occurred on December 18, 2015, in the parking lot of an apartment complex owned by Defendant. This Motion seeks an Order excluding three categories of Plaintiff's evidence pursuant to Fed. R. Evid. 410, 402, 403, and 407:

First, under F.R.E. 401, 402, and 403, Defendant asks the Court to exclude the photographs of the parking lot taken by Plaintiff's wife, Ms. Duffy, the day after the incident, given that there are photographs taken of the same location by Defendant's employees on the day of the incident.

Second, under F.R.E. 401, 402, and 407, Defendant asks the Court to exclude Ms. Duffy's photographs showing an employee of Defendant shoveling the parking lot three days after the incident, because they are irrelevant and constitute evidence of subsequent remedial measures.

Third, under F.R.E. 401, 402, and 403, Defendant asks to exclude any reference to future medical costs, by Plaintiff or his expert, as those were not supported by any testimony of Plaintiff's expert and treating provider Dr. Simpson or any of Plaintiff's medical records.

## II. APPLICABLE LAW

"'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). "The trial court, in exercising its discretion regarding admissibility, must examine the background of the rule together with the rule itself. The court may also look to the reasoning employed by other circuit, district or state courts in reaching their decisions." *Herndon v. Seven Bar Flying Serv., Inc.*, 716 F.2d 1322, 1326 (10th Cir. 1983).

### A.  Relevance

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "A fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *U.S. v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998).  Here, the substantive law of the case is primarily the Colorado Premises Liability Act. C.R.S. § 13-21-115(3)(c)(I). Plaintiff must prove Defendant's "unreasonable failure to exercise reasonable care to protect against dangers of which [it] actually knew or should have known." *Id.*

### B.  Prejudice

Even if evidence is relevant, it may be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusion

of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair Prejudice" in the context of Rule 403 means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (1972 Advisory Committee Notes). Circumstances calling for the exclusion of relevant evidence "range all the way from inducing decisions on a purely emotional basis, at one extreme, to nothing more than merely wasting time, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission." *Id.*

### C.  *Subsequent remedial measures*

Rule 407 provides that, " When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; [or] culpable conduct…"

> A policy reason for excluding evidence of subsequent repairs is the desire to foster Rule 407's underlying purpose of encouraging tortfeasors to take steps to remedy a hazardous condition in their control. … Another justification for this exclusionary rule is that evidence of subsequent remedial measures is irrelevant and confusing. It can be irrelevant because the reason defendant took these remedial measures is sometimes uncertain. Such evidence can be confusing because the jury has to focus on the circumstances at the time of the accident, so subsequent occurrences may be misleading.

*Herndon*, 716 F.2d at 1327.

## III. DISCUSSION

### A.  *Photographs taken the day after the incident.*

Plaintiff has disclosed a number of photographs of the parking lot taken by Plaintiff's wife, Ms. Duffy. *Exhibit A* (Photographs). Ms. Duffy took these photographs the day after the incident. *Exhibit B* (Deposition; Seven photographs from deposition). Defendant has also disclosed photographs of the same location taken by Defendant's employees on the day of the incident, shortly after the incident occurred. *Exhibit C* (Email and photographs).

The Court should exclude Plaintiff's photographs because evidence of the condition of the parking lot the day after the incident is not relevant to show the condition of the parking lot at the time of Plaintiff's fall. F.R.E. 401, 402. These photographs are prejudicial because they show more visible ice and slush in the parking lot than is in the photographs taken by Defendants' employees the day of the incident. F.R.E. 403. Moreover, since the Defendants' photographs are better evidence of the parking lot condition at the time of Plaintiff's fall since they were taken closer to the time of the incident, allowing Plaintiff's photographs from the next day into evidence would waste time without providing any probative value to the jury. *Id*.

In sum, Defendant requests that this Court exclude Plaintiff's photographs of the parking lot taken on December 19, 2015.

**B.  *Photographs of subsequent remediation measures.***

Plaintiff has also disclosed two photographs of an employee of Defendant shoveling the parking lot. *Exhibit D* (Photographs). Although Ms. Duffy states she took these photographs the day after Plaintiff's fall, *see Exhibit B*, the metadata on the photographs indicates that they were taken three days after the fall. *Exhibit E* (Metadata information).

This evidence meets the definition of F.R.E. 407 and is therefore inadmissible. Plaintiff presumably intends to use these photographs to demonstrate efforts that Defendant should have taken earlier to make the parking lot safer for Plaintiff. Plaintiff has not contended that shoveling was not feasible and therefore this evidence is not subject to any exception from F.R.E. 407. Furthermore, the evidence is irrelevant and confusing because the condition of the parking lot three days later (or even one day later) is not probative of the condition of the parking lot at the time of Plaintiff's fall. F.R.E. 403; *Herndon*, 716 F.2d at 1327.

Therefore, Defendant requests that this Court exclude Plaintiff's photographs of Defendant's employee shoveling the parking lot on December 21, 2015.

### C.  Evidence of future medicals.

Finally, Plaintiff has indicated that he will attempt to claim future medical expenses. Plaintiff indicated in his discovery responses that his physician, Dr. Simpson, advised that he will require future medical treatment. *Exhibit F* (Discovery responses) at 5. When asked to clarify his response, Plaintiff referred to his earlier demand that stated, "Mr. Doornbos suffered significant ankle fracture and is at risk to develop post-traumatic osteoarthritis which may require future care including physical therapy, injections, medications, and injections. At the most, he may require an ankle fusion and/or an ankle replacement." *Exhibit* G (Letter from Mr. Price) at 1; *Exhibit H* (Demand) at 4. Mr. Doornbos also stated in his expert disclosures that "Dr. Simpson may also testify that future surgery may become necessary for removal of the hardware. In Dr. Simpson's opinion 30% of these types of surgical procedures result in removal of the hardware. Dr. Simpson will testify that said implant removal will require a surgical operation. Dr. Simpson will testify there will be similar surgical costs, fees and billings associated with an implant removal. Any surgical removal of the hardware would again require follow up physical therapy." *Exhibit I* (Expert disclosures) at 6-7.

"An award of future medical expenses must be based upon substantial evidence which establishes the reasonable probability that such expenses will necessarily be incurred." *Wallbank v. Rothenberg*, 74 P.3d 413, 419 (Colo. App. 2003) (citation omitted). There is no such evidence in this case, including anywhere in Plaintiff's medical records.

Plaintiff has disclosed a letter from Dr. Simpson to Plaintiff's counsel stating that "Mr. Doornbos suffered significant ankle fracture and is at risk to develop post-traumatic osteoarthritis which may require future care including physical therapy, injections, medications, and injections. At the most, he may require an ankle fusion and/or an ankle replacement." *Exhibit J* (Letter from Dr. Simpson). However, nothing in the letter indicates a reasonable probability that such expenses

will be incurred, nor does the letter constitute substantial evidence. Mr. Doornbos' medical records do not reveal any evidence that Mr. Doornbos will need an ankle fusion or replacement, or any additional future medical treatment. Mr. Doornbos' last appointment with Dr. Simpson was on August 24, 2016. The record from this visit says that "I cannot guarantee that he will never have problems with this ankle. Further, surgery is always a risk for an ankle fracture." *Exhibit K* (Medical record). This is not "substantial evidence which establishes the reasonable probability that such expenses will necessarily be incurred." *Cf. Wallbank*, *supra.*

Dr. Simpson's deposition also did not reveal any evidence of future treatment needs for Mr. Doornbos. When asked about this, Dr. Simpson did not provide any additional evidence that Mr. Doornbos will require an ankle fusion and/or an ankle replacement. *See generally Exhibit L* (Simpson Deposition), highlighted sections. Dr. Simpson stated only that it is an *elective* decision for patients such as Mr. Doornbos (who had ankle surgery) to have the hardware removed from their ankle at a later date. *Id.* at 28:7-29:19. He stated that approximately thirty percent of his patients will elect to have the hardware removed, but that he did not know whether Mr. Doornbos would do so. *Id.* Again, Plaintiff's medical records do not reveal any evidence that Mr. Doornbos will need any future medical treatment.

Thus, because Mr. Doornbos cannot recover an award of future medical expenses, any evidence of such, including the letter from Dr. Simpson to Mr. Price, would not be relevant and it would be prejudicial to Defendant because it would engender sympathy for Plaintiff and encourage the jury to make an award based on emotion rather than evidence.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court exclude the evidence of (a) photographs taken the day after the incident, (b) photographs showing subsequent remediation measures, and (c) evidence of future medical costs.

Respectfully submitted this 14th day of December, 2018.

GODFREY | JOHNSON, P.C.

/s Aaron R. Bakken
Aaron R. Bakken
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: 303-228-0700
Fax: 303-228-0701
Email: bakken@gojolaw.com
*Attorneys for Defendant Windtree Apartments LLC d/b/a*
*Weidner Investment Services, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2018, I electronically filed the foregoing with the Clerk of Court using CM/ECT system, which will send notification to such filing to the following:

Gordon Heuser, Esq.
Douglas P. Price, Esq.
Heuser & Heuser, LLP
65 N. Cascade Avenue, Suite 300
Colorado Springs, CO 80903
*Attorneys for Plaintiff*

/s Aaron R. Bakken
Aaron R. Bakken
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: 303-228-0700
Fax: 303-228-0701
Email: bakken@gojolaw.com